[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 466.]

CORNELL, APPELLANT, *v.* SCHOTTEN, WARDEN, APPELLEE.

[Cite as *Cornell v. Schotten*, 1994-Ohio-74.]

*Writ of habeas corpus seeking relief from confinement—Petition dismissed for failure to attach copies of commitment papers or cause of detention as required by R.C. 2725.04(D)—Habeas corpus not a substitute for appeal or post-conviction relief.*

(No. 93-2308—Submitted March 29, 1994—Decided June 22, 1994.)

APPEAL from the Court of Appeals for Trumbull County, No. 93-T-940.

———————————

{¶ 1} Appellant, James E. Cornell, filed a petition for a writ of habeas corpus in the Court of Appeals for Trumbull County, alleging that he was accused of a crime and deprived of his liberty without due process of law. That court dismissed the petition due to appellant's failure to attach copies of his commitment papers or cause of detention, as required by R.C. 2725.04(D).

{¶ 2} The cause is before the court upon an appeal as of right.

———————————

*James E. Cornell*, *pro se*.

*Lee Fisher*, Attorney General, and *John J. Gideon*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

{¶ 3} Appellant first contends that his duty to submit commitment papers was negated when respondent, J.L. Schotten, Warden of the Trumbull Correctional Institution, supplied a copy of the commitment order with a motion to dismiss the complaint. Appellant further contends that his memorandum in opposition to the motion to dismiss cured his failure to comply with R.C. 2725.04(D). However,

R.C. 2725.04(D) explicitly requires that a copy of the cause of detention be attached to a petition for habeas corpus. We held in *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 602 N.E.2d 602, that failure to attach a copy of the cause of detention to a petition for habeas corpus results in the petition being fatally defective. See, also, *State ex rel. Parker v. Ohio Parole Bd.* (1993), 68 Ohio St.3d 23, 623 N.E.2d 37.

{¶ 4} Moreover, the other issues that appellant seeks to raise in this appeal are not jurisdictional in nature as required by R.C. 2725.05. Appellant seeks release from detention on several grounds, including insufficient evidence, improper witness testimony, allegations that only eleven members of the sentencing jury were polled concerning his guilty verdict, and ineffective assistance of counsel. Appellant has or had an adequate remedy at law for each of these allegations. We have long held that habeas corpus will not be substituted for appeal or post-conviction relief. *In re Piazza* (1966), 7 Ohio St.2d 102, 36 O.O.2d 84, 218 N.E.2d 459, and *Bellman v. Jago* (1988), 38 Ohio St.3d 55, 526 N.E.2d 308.

{¶ 5} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

———————————