**In re CARLOS O.**

[Cite as *In re Carlos O.* (1994), 96 Ohio App.3d 252.]

Court of Appeals of Ohio,
Wood County.

No. 94WD013.

Decided July 29, 1994.

*Jeffrey P. Nunnari,* for appellant.

*Robert Strauss,* for appellee.

*Per Curiam.*

This matter is before the court on appeal from the Wood County Court of Common Pleas, Juvenile Division. The facts giving rise to this appeal are as follows.

On November 28, 1993, Perrysburg police officer Jack Otte was on duty when he saw a blue Pontiac Grand Am spinning in circles in a snow-covered parking lot. He watched as the driver, appellant, Carlos O., exited the car and walked to a nearby field. Officer Otte approached the empty vehicle and saw that the steering column had been damaged. Officer Otte immediately radioed a police dispatcher and reported a possible stolen car. He also gave a description of appellant. By this time, appellant had begun to run through the field.

Lieutenant Richard Gilts of the Perrysburg Police Department proceeded to the area in which appellant was supposedly heading. When he saw appellant running, Lieutenant Gilts began to pursue him on foot. Lieutenant Gilts eventually cornered appellant in a small storage area of a home.

Appellant was arrested and taken to the Perrysburg Police Department, where he admitted to stealing the Pontiac Grand Am. Appellant also told police that his cousin had tried to steal a 1985 white Cadillac but was unsuccessful. However, appellant told police that he was in possession of the hood ornament and side markers from the Cadillac. On November 30, 1993, a complaint in delinquency was filed in the juvenile court, alleging that appellant had violated R.C. 2913.03(A), unauthorized use of a motor vehicle. Appellant was ordered detained pending adjudication. On December 13, 1993, a complaint in delinquency was filed in the juvenile court, alleging appellant had violated R.C. 2913.51, receiving stolen property.

An adjudicatory hearing for both complaints began on December 14, 1993. On January 3, 1994, appellant was adjudicated delinquent on both counts. He was committed to the legal custody of the Ohio Department of Youth Services for two consecutive indefinite terms consisting of a minimum period of six months to the age of twenty-one. Appellant now appeals setting forth the following assignments of error:

"I. The trial court erred when it did not dismiss the charges against appellant and discharge him from custody by reason of the appellant not being afforded an adjudicatory hearing within ten days of the filing of the initial complaint.

"II. The trial court erred to the prejudice of appellant by taking judicial notice over appellant's objection of its court files as the sole means of proof of appellant's alleged prior adjudications of delinquency in order to enhance otherwise misdemeanor offenses to felony offenses.

"III. The appellant's adjudications of delinquency on the felony offenses of receiving stolen property and the unauthorized use of a motor vehicle are not supported ,by sufficient evidence and are against the manifest weight of the evidence.

"IV. The trial court erred to the prejudice of appellant by amending its judgment entry after the notices of appeal had been filed and the cases consolidated by the court of appeals. As the trial court no longer had jurisdiction over the matter.

"V. The trial court erred to the prejudice of appellant by ordering him to serve consecutive commitments to the Department of Youth Services, as such an order merely serves to punish, as opposed to rehabilitate, and the punitive nature of such an order must be presumed where the court makes no factual findings on the record and where the state adduces no evidence as to whether rehabilitation will be served by means of consecutive commitments."

In his first assignment of error, appellant contends that the court erred in not granting his motion to dismiss. Appellant argued that the complaints against him should be dismissed pursuant to the time limitation set forth in Juv.R. 29(A).

Juv.R. 29(A) states:

"The date for the adjudicatory hearing shall be set when the complaint is filed, or as soon thereafter as is practicable. If the child who is the subject of the complaint is in detention or shelter care, *the hearing shall be held not later than ten days after the filing of the complaint;* upon a showing of good cause the adjudicatory hearing may be continued and detention or shelter care extended." (Emphasis added.)

The time limitation set forth in Juv.R. 29(A) is a mandatory procedural requirement to which the juvenile court must strictly adhere. *State v. Newton* (June 10, 1983), Fulton App. No. F–82–17, unreported, 1983 WL 6836.

We will initially consider the first complaint filed against appellant, alleging a violation of R.C. 2913.03, unauthorized use of a motor vehicle. The complaint was filed on November 30, 1993. On November 30, 1993, appellant was brought before the court for a detention hearing. A "detention hearing" is a hearing "to determine whether a child shall be held in detention or shelter care prior to or pending execution of a final dispositional order." Juv.R. 2(K). Pursuant to Juv.R. 7(F)(1), a detention hearing shall be held no later than seventy-two hours or the next court date, whichever is earlier, after the child is placed in detention, to determine whether detention is required. In this case, a detention hearing was timely held and the juvenile magistrate ordered that appellant be detained. An adjudicatory hearing for the November 30, 1993 complaint was not held until December 14, 1993 and December 21, 1993.

The court, in its judgment entry denying appellant's motion to dismiss, noted that appellant's detention hearing was held one day after the complaint was filed. We agree that the court complied with the time limitations of Juv.R. 7(f). However, it is apparent from the record that the court did not comply with the time limitations of Juv.R. 29(A). We therefore conclude that the court erred in overruling appellant's motion to dismiss as to the November 30, 1993 complaint.

In *Newton, supra,* this court held that dismissal of a complaint without prejudice is the appropriate remedy in cases where the juvenile court fails to hold an adjudicatory hearing within ten days as prescribed in Juv.R. 29(A). The facts of the *Newton* case can be distinguished from the facts in the instant case. Seventeen-year-old Newton was arrested for wounding a ten year old with a gun. A complaint in delinquency was filed against Newton and he was ordered detained. On the eighth day after the complaint was filed, the state filed a motion pursuant to Juv.R. 30 to have Newton transferred to the common pleas court for prosecution as an adult. On the fourteenth day after the complaint was filed, Newton filed a motion to dismiss the complaint. Approximately a week later, the juvenile court granted the state's Juv.R. 30 motion and relinquished its jurisdiction over the matter. Newton was subsequently convicted of felonious assault in the common pleas court. On appeal, this court determined that the juvenile court had not followed the proper procedures pursuant to Juv.R. 30 in transferring Newton to the common pleas court and, therefore, the juvenile court had not properly relinquished its jurisdiction. Consequently, the common pleas court was without jurisdiction to convict Newton. This court then ordered Newton's conviction reversed and the complaint in delinquency dismissed without prejudice for the juvenile court's failure to hold an adjudicatory hearing within the time limitations of Juv.R. 29(A).

Appellant, unlike Newton, was afforded an adjudicatory hearing in which he was adjudicated delinquent. The United States Supreme Court has held that the Double Jeopardy Clause applies to delinquency cases. *Illinois v. Vitale* (1980), 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228. We therefore conclude that the appropriate remedy, given the facts of this case, is the dismissal of the November 30, 1993 complaint with prejudice.

We now turn to the second complaint filed against appellant, which alleged a violation of R.C. 2913.51, receiving stolen property. The complaint was filed on December 13, 1993. An adjudicatory hearing on the matter was held on December 14, 1993 and December 21, 1993. Appellant argues that because the police were aware of the factual basis of the complaint on November 30, 1993, the filing date of the first complaint, the filing date of the second complaint relates back to the filing date of the November 30 complaint. We find no authority to support appellant's argument. As to the December 13, 1993 complaint alleging a

violation of R.C. 2913.51, receiving stolen property, we conclude that the court did not err in failing to grant appellant's motion to dismiss. Accordingly, appellant's first assignment of error is found well taken in part and not well taken in part.

In his second assignment of error, appellant contends that the court erred in taking judicial notice of his prior theft offenses for penalty enhancement.

R.C. 2913.51, receiving stolen property, states:

"(A) No person shall receive, or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

"(B) Whoever violates this section is guilty of receiving stolen property. * * * *[i]f the offender previously has been convicted of two or more theft offenses, receiving stolen property is a felony of the third degree."* (Emphasis added.)

"A trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case." *Diversified Mtge. Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 7 OBR 201, 454 N.E.2d 1330; see, also, *In re Pyle* (May 6, 1992), Belmont App. No. 91–B–27, unreported, 1992 WL 98028. For purposes of penalty enhancement, prior offenses are the subject of evidence. *Id.* Accordingly, we conclude that the court erred in taking judicial notice of appellant's prior convictions. Appellant's second assignment of error is found well taken.

Based on our disposition of appellant's first two assignments of error, we need not reach the merits of appellant's remaining assignments of error.[1]

On consideration whereof, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is reversed in part and affirmed in part. Pursuant to App.R. 12(B), we now render the judgment the Wood County Juvenile Court should have rendered as to case No. 93–3701, alleging the unauthorized use of a motor vehicle. The complaint in delinquency is hereby dismissed with prejudice. Appellant's adjudication of delinquency in case No. 93–3798, alleging the offense of receiving stolen property, is affirmed. However, the case is hereby remanded to the juvenile court for sentencing not inconsistent with this decision. Court costs assessed equally between the parties.

*Judgment accordingly.*

ABOOD, P.J., GLASSER and MELVIN L. RESNICK, JJ., concur.

---

1. In his third assignment of error, appellant does not raise the issue of sufficiency of the evidence or manifest weight on his adjudication of delinquency for the charge of receiving stolen property, a misdemeanor of the first degree. Appellant argues that there was insufficient evidence introduced to support a penalty enhancement. Appellant essentially reargues his second assignment of error.