HADLOCK

v.

McFAUL, Sheriff.

[Cite as *Hadlock v. McFaul* (1995), 105 Ohio App.3d 24.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69228.

Decided July 24, 1995.

Wes Hadlock, *pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Sherry F. McCreary,* Assistant Prosecuting Attorney, for respondent.

---

JAMES D. SWEENEY, Presiding Judge.

Petitioner, Wes Hadlock, filed a complaint in habeas corpus alleging he was being held by respondent, Sheriff Gerald T. McFaul, beyond the expiration date of his sentence. Petitioner claims he is entitled to bond. Respondent moved to dismiss the petition and, for the following reasons, we grant respondent's motion.

The statutes which govern habeas corpus actions require that a copy of the commitment order or cause of detention be submitted when applying for habeas relief. R.C. 2725.04(D). Any failure to comply with this requirement renders the petition fatally defective. *Cornell v. Schotten* (1994), 69 Ohio St.3d 466, 633 N.E.2d 1111; *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 602 N.E.2d 602; *Horn v. McFaul* (Feb. 12, 1992), Cuyahoga App. No. 63185, unreported. Petitioner herein attached to his complaint an uncertified and otherwise unidentified sheet of paper with handwritten notations which appears to be a portion of a docket. The paper does not contain the name of a court, a case number, the name of a judge and judge's signature, or a "received for filing" stamp by a trial court clerk. It does not contain any certification or other authentication. This unidentified sheet of paper does not satisfy the requirements of R.C. 2725.04(D), thus rendering petitioner's complaint fatally defective.

Additionally, petitioner has failed to comply with Loc.App.R. 8(B)(1) by failing to supply an affidavit which details his claim and by failing to file the requisite number of copies of his complaint. The clerk of court has no duty to make copies gratuitously at taxpayer expense for any litigant absent an order from this court. These omissions also render the complaint fatally defective. See *State ex rel. Oden v. Ohio* (May 9, 1994), Cuyahoga App. No. 67057, unreported.

Finally, respondent attached a certified copy of a journal entry in Cuyahoga C.P. No. CR–318794, signed by Judge Character and filed July 10, 1995, which reinstates bond in that case. Assuming the receipt of a viable habeas petition and assuming C.P. No. CR–318794 is the action referred to by petitioner in his habeas complaint, the order of the trial court reinstating bond moots this habeas action.

The case is dismissed. Petitioner to pay costs.

*Judgment accordingly.*

SPELLACY and DYKE, JJ., concur.