[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 298.]

THE STATE EX REL. BRUGGEMAN, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *State ex rel. Bruggeman v. Leonard*, 1999-Ohio-165.]

*Writ of habeas corpus seeking relief from confinement—Petition dismissed when claims of insufficiency of evidence or erroneous jury instructions are raised—Costs assessed against relator, when.*

(No. 99-456—Submitted July 28, 1999—Decided September 1, 1999.)

APPEAL from the Court of Appeals for Allen County, No. CA98 12 0080.

_____

{¶ 1} In December 1993, the Auglaize County Court of Common Pleas convicted appellant, Christopher Bruggeman, of three counts of gross sexual imposition and sentenced him to an aggregate prison term of twelve to thirty years. On appeal, the court of appeals affirmed Bruggeman's convictions. *State v. Bruggeman* (Nov. 8, 1994), Auglaize App. No. 2-94-1, unreported, 1994 WL 645957, appeal dismissed (1996), 74 Ohio St.3d 1497, 659 N.E.2d 312.

{¶ 2} In 1998, Bruggeman filed a petition in the Court of Appeals for Allen County for a writ of habeas corpus to compel appellee, Warden Michael A. Leonard, to release him from prison. Bruggeman also filed a "declaration of poverty." Bruggeman claimed that the state did not introduce sufficient evidence at his criminal trial to establish that his offenses had occurred in Auglaize County and that his trial court gave an erroneous jury instruction. The court of appeals *sua sponte* dismissed Bruggeman's petition and ordered him to pay $39 in costs. Bruggeman's prison cashier forwarded a financial statement of Bruggeman's account for the previous six months, which included evidence of Bruggeman's purchase of over $34 of pizza and ice cream. The court of appeals sent Bruggeman a letter advising him that he could make arrangements for payment of the costs.

**{¶ 3}** This cause is now before the court upon an appeal as of right.

———————————

*Christopher Bruggeman, pro se*.

*Betty D. Montgomery*, Attorney General, and *Laurence R. Snyder*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

**{¶ 4}** Bruggeman asserts that the court of appeals erred in dismissing his petition and assessing costs against him.  For the following reasons, Bruggeman's contentions lack merit.

**{¶ 5}** Habeas corpus will not issue to raise claims of insufficiency of evidence or erroneous jury instructions.  See, *e.g., Cornell v. Schotten* (1994), 69 Ohio St.3d 466, 467, 633 N.E.2d 1111, 1112; *State ex rel. Beaver v. Konteh* (1998), 83 Ohio St.3d 519, 521, 700 N.E.2d 1256, 1258.

**{¶ 6}** Further, the court of appeals did not err in assessing costs against Bruggeman.  Contrary to his contentions, he was not the prevailing party in his habeas corpus case, and the court of appeals could have properly determined that, based on the account statement submitted by the prison cashier, he had sufficient funds to make periodic partial payments of the assessed costs.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————