JOURNAL ENTRY AND OPINION
Relator, Franklin Milgrim, has filed a petition for a writ of habeas corpus through which he seeks immediate release from the custody of the respondents, Leonard Munks, Superintendent of the Cuyahoga County Juvenile Detention Center, and the Cuyahoga County Department of Children and Family Services. The respondents have filed separate motions to dismiss the relator's petition for a writ of habeas corpus which we grant for the following reasons.
On July 27, 1999, the relator was arrested at his home by the Rocky River Police Department. A complaint, which alleged the relator to be a delinquent child by reason of committing the offense of felonious assault, was filed in the Cuyahoga County Juvenile Court. The complaint specified that the relator knowingly causing serious physical harm to Shirley Wallace, the relator's maternal grandmother and legal custodian. The realtor was arraigned before Magistrate Richard Walsh and placed in detention. On July 30, 1999, the relator filed an objection to the detention order as issued by Magistrate Richard Walsh. The objection to the order of detention was overruled by Judge Patrick F. Corrigan on September 14, 1999, and a trial, with regard to the pending charge of delinquency, was scheduled for November 2, 1999. The trial scheduled for November 2, 1999, was continued to December 7, 1999, at the request of the prosecution. In addition, the relator's Guardian Ad Litem requested, by oral motion, that the relator be placed in the temporary custody of respondent-Cuyahoga County Department of Children and Family Services. On November 8, 1999, Judge Patrick F. Corrigan granted the Guardian Ad Litem's motion to commit the realtor and held that:
* * *
 The Court heard evidence from the Guardian Ad Litem. The Court finds that there are reasonable grounds to believe that the child is in immediate danger from his surroundings and removal is necessary to prevent immediate or threatened physical or emotional harm.
 It is therefore ordered pursuant to Juvenile rule 13 (A); the child is committed to the Emergency Temporary Custody pf Cuyahoga County Department of Children and Family Services. It is further ordered that Rocky River School district is to bear costs of educating the child. It is further ordered child is to have full Psychological Evaluation by the Court Clinic. It is further ordered child is remanded to the Detention Center until Cuyahoga County Department of Children and Family Services can place him in foster care. It is further ordered matter is continued for trial on December 7, 1999 at 8:30 a.m.
On November 8, 1999, the relator filed his verified petition for a writ of habeas corpus. Pursuant to an order of this Court, the respondents have filed separate dispositive motions and the relator has filed a combined brief in opposition to the motions to dismiss.
In order for this Court to issue the extraordinary writ of habeas corpus, the realtor must strictly comply with the mandatory requirements of R.C. 2725.04 (D) which provides that "a copy of the commitment or cause of detention of such person * * *" shall be attached to the petition for a writ of habeas corpus. Herein, the realtor has failed to attach a copy of the order of commitment or detention. Thus, the relator's petition for a writ of habeas corpus is fatally defective and must be dismissed.Wright v. Ghee (1996), 74 Ohio St.3d 465; Brown v. Rogers (1995),72 Ohio St.3d 339; Cornell v. Schotten (1994), 69 Ohio St.3d 466;Bloss v. Rogers (1992), 65 Ohio St.3d 145; Hadlock v. McFaul
(1995), 105 Ohio App.3d 24.
In addition, the Supreme Court of Ohio has firmly established that in order for a writ of habeas corpus to issue, the relator must affirmativley demonstrate that there is an unlawful restraint of a person's liberty and there exists no adequate remedy in the ordinary course of law. Howard v. Catholic Serv. ofCuyahoga Cty., Inc. (1994), Ohio St.3d 141. In re David (1985),18 Ohio St.3d 226; McNeal v. Miami Cty. Children's Serv. Bd.
(1992), 64 Ohio St.3d 208. Herein, the Cuyahoga County Juvenile Court possessed the basic statutory jurisdiction, pursuant to R.C. 2151.23 and R.C. 2151.34, to determine the issue of the delinquency of the relator. The award of temporary custody to respondent-Cuyahoga County Department of Children and Family Services and the detention of the relator were permissible under Juv.R. 13. Further, we find that the relator has failed to establish that he has been unlawfully restrained of his liberty.Hammond v. Dallman (1992), 63 Ohio St.3d 666; Freshour v. Tate
(1992), 62 Ohio St.3d 410; In re Burson (1949), 152 Ohio St. 375;Children's Home v. Fetter (1914), 90 Ohio St. 110. Finally, the issues raised by the relator, in support of his petition for a writ of habeas corpus, should be addressed through a direct appeal. State ex rel. Brantley v. Anderson (1997), 77 Ohio St.3d 446; Flora v. Rogers (1993), 68 Ohio St.3d 130.
Accordingly, we grant the respondents' motions to dismiss. Costs to relator.
Writ dismissed.
TERRENCE O'DONNELL, J. and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE