This is an appeal from a Scioto County Common Pleas Court judgment dismissing the petition for writ of habeas corpus filed by James Corrin, petitioner below and appellant herein.
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PETITIONER-APPELLANT BY DISMISSING HIS PETITION FOR WRIT OF HABEAS CORPUS."
Our review of the record reveals the following facts pertinent to the instant appeal. On April 12, 1979, a Summit County Jury found appellant guilty of one count of aggravated burglary and three counts of aggravated robbery (Case No. CR 79-3-318). On November 16, 1979, the trial court sentenced appellant to fourteen to fifty years imprisonment. On June 27, 1989, appellant received parole.
On June 15, 1990, appellant pled guilty to one count of aggravated trafficking and to one count of driving while intoxicated. The court sentenced appellant to concurrent terms of imprisonment of eighteen months and six months.
On May 15, 1991, appellant received parole. A few months later, appellant was convicted of operating a vehicle while under suspension and of failure to control an automobile. Shortly thereafter, appellant's parole was again revoked based upon his admission to assaulting three individuals and to leaving the state without permission.
In February of 1999, appellant was charged in Marion County with two counts of trafficking in marijuana, one count of preparation of marijuana, one count of possession of marijuana, and one count of illegal conveyance of drug abuse into a detention facility (Case No. 98 — CR-337). Appellant pled guilty to two counts of trafficking and the remaining charges were dismissed. On February 8, 1999, appellant was sentenced to two twelve month terms of imprisonment to be served consecutively to each other and to any existing sentence. He then was transported to the Southern Ohio Correctional Facility ("SOCF").
On October 15, 1999, the Marion County Common Pleas Court granted appellant judicial release in Case No. 98-CR-337 and imposed five years of community control sanctions. The entry also ordered appellant released from SOCF and transferred to Oriana House, a community based correctional facility.
On November 18, 1999, appellant filed a petition for writ of habeas corpus. Appellant requested the trial court to order appellant's release from SOCF to Oriana House. Appellant attached to his petition a copy of the October 15, 1999 judgment entry granting appellant judicial release in Case No. 98-CR-337. Appellant did not attach to his petition any judgment entries in Case No. CR 79-3-318 or any parole records.
On December 29, 1999, appellee filed a Civ.R. 12 (B) (6) motion to dismiss appellant's petition. Appellee argued that appellant failed to attach copies of all his commitment papers, as R.C. 2725.04 (D) requires, and that appellant failed to state a claim upon which relief could be granted. Appellee attached to its motion to dismiss copies of appellant's commitment papers.
On January 11, 2000, appellant filed a reply to appellee's motion to dismiss. Appellant argued that he fully complied with R.C. 2725.04. He alleged that he "could not procure the commitment papers without impairing the efficiency of the remedy sought. At the time of filing of his Petition, Petitioner was scheduled to appear before the Parole Board for consideration of release. Time was of the essence." Appellant further argued that appellee's attachment of appellant's commitment papers to its motion to dismiss cured any defect.
Appellant also argued that he stated a valid claim for relief. Appellant asserted that he is entitled to the custody of another, Oriana House, as detailed in the October 15, 1999 judgment entry granting judicial release. Appellant argued that the sentence in Case No. 98-CR-337 takes precedence over the sentence in Case No. CR 79-3-318.
On January 25, 2000, the trial court entered a judgment entry dismissing appellant's petition for writ of habeas corpus. The court found that appellant failed to comply with R.C. 2725.04 (D) and that appellant "failed to give a specific nonfrivolous reason for his failure to attach a copy of his commitment papers."
The court also noted that appellant still is serving his sentence in Case No CR 79-3-318 and that appellant has not served his maximum time of fifty years. Therefore, the court concluded, appellant was not entitled to relief because his sentence in Case No CR 79-3-318 has yet to expire. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred by dismissing his petition for a writ of habeas corpus. Specifically, appellant asserts that the trial court erroneously concluded that appellant failed to comply with R.C.2725.04 (D), which requires a habeas corpus petitioner to attach all of his commitment papers to the petition. Appellant additionally contends that the trial court erred by concluding that appellant is not entitled to be transferred to the community based correctional facility.
Appellee argues that the trial court did not err by dismissing appellant's petition. Appellee argues that appellant's petition is fatally defective because he failed to comply with R.C.2725.04 (D). Appellee, citing Cornell v. Schotten (1994), 69 Ohio St.3d 466,466-67, 633 N.E.2d 1111, 1111, further argues that the adverse party's later submission of the commitment papers does not cure the defect. Appellee additionally argues that appellant has failed to state a claim upon which relief can be granted. Appellee notes that appellant's 1979 sentence has yet to expire.
We initially note that Civ.R. 12 (B) (6) is applicable to habeas corpus proceedings[2] See, e.g., Gaskins v. Shiplevy
(1995), 74 Ohio St.3d 149, 150, 656 N.E.2d 1282, 1283; Neguse v.Collins (Aug. 31, 1998), Scioto App. No. 97 CA 2553, unreported. An appellate court reviews a trial court's decision regarding a motion to dismiss de novo. See, e.g., Shockeyv. Fouty (1995), 106 Ohio App.3d 420,424, 666 N.E.2d 304, 306; see, also, Walters v. Ghee
(Apr. 1, 1998), Ross App. No. 96 CA 2254, unreported. Civ.R. 12 (B) (6) permits a party to file a motion to dismiss a complaint for failure to state a claim for relief. A trial court should not grant a motion to dismiss if there is some state of the facts by which the nonmoving party might state a valid claim for relief. See, e.g., Taylor v. London (2000), 88 Ohio St.3d 137, 139,723 N.E.2d 1089, 1091 (citing O'Brien v. University Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus). When reviewing a motion to dismiss, a trial court must accept the facts stated in the complaint as true and must construe all reasonable inferences in favor of the nonmoving party. Id. (citing Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,532 N.E.2d 753).
A writ of habeas corpus is an extraordinary writ which will lie only when an individual is without an adequate remedy at law. See, e.g. Leal v. Mohr (1997), 80 Ohio St.3d 171, 172, 685 N.E.2d 229,230; State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591,593, 635 N.E.2d 26, 29. R.C. 2725.01 establishes which persons are entitled to a writ of habeas corpus. The statute provides as follows:
 Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.
R.C. 2725.04 specifies the procedure for filing a petition for habeas corpus. The statute provides:
 Application for the writ of habeas corpus shall be by petition, signed and verified by the party for whose relief it is intended, or by some person for him, and shall specify:
 (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 (C) The place where the prisoner is so imprisoned or restrained, if known;
 (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.
We note that a petitioner seeking habeas corpus relief must state particularly the extraordinary circumstances entitling him to such relief. State ex rel. Jackson v. McFaul (1995), 73 Ohio St.3d 185,187, 652 N.E.2d 746, 748. Unsupported conclusions of the petition or complaint are not considered admitted and are insufficient to withstand a motion to dismiss. Id. Moreover, habeas corpus relief will issue only if the petitioner is entitled to immediate release from confinement. Id.,73 Ohio St.3d at 188, 652 N.E.2d at 749; Pewitt v. Lorain CorrectionalInst. (1992), 64 Ohio St.3d 470, 597 N.E.2d 92; see, also, R.C.2725.17.
Upon our review of the record, we believe that the trial court appropriately granted appellee's motion to dismiss. Both the trial court and appellee correctly recognize that the failure to attach copies of all pertinent commitment papers renders the petition fatally defective. See, e.g., Bloss v. Rogers (1992),65 Ohio St.3d 145, 602 N.E.2d 602; Walter, supra. In Bloss, the court explained:
 "These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04 (D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioners s allegation."
Id., 65 Ohio St.3d 146, 602 N.E.2d at 602.
In the case at bar, without copies of the cause of appellant's detention, this court is unable to fully understand appellant's petition. The only attachment to appellant's petition is the 1998 entry directing appellant to be transferred to Oriana House. Interestingly, appellant appears to have omitted the sentencing entry in Case No. CR 79-3-318, which sentenced him to a maximum of fifty years in prison.
Moreover, as appellee notes, neither petitioner's nor respondent's subsequent production of the pertinent commitment papers cures the defect. See Cornell v. Schotten (1994), 69 Ohio St.3d 466,633 N.E.2d 1111; see, also, Boyd v. Money (1998),82 Ohio St.3d 388, 387, 696 N.E.2d 568, 569. In Cornell, the court refused to recognize that the defect is cured when the warden submits a motion to dismiss that has attached thereto the petitioner's commitment papers. The court noted that it is the petitioner's duty to attach the commitment papers to the petition. Additionally, as the trial court found in the case at bar, appellant failed to present a sound reason for his failure to attach all copies of his commitment papers.
Assuming, arguendo, appellant had properly complied with R.C.2725.04 (D), we find no merit to appellant's petition. As appellee notes, appellant originally was sentenced to a term of imprisonment of fourteen to fifty years. It is well-established that a prisoner has no constitutional or statutory right to be conditionally released from prison prior to the expiration of his sentence. See State ex rel. Recker v. Leonard (2000), 88 Ohio St.3d 223,224, 724 N.E.2d 805, 806; State ex rel. Vaughn v. OhioAdult Parole Auth. (1999), 85 Ohio St.3d 378, 379,708 N.E.2d 720, 721. Appellant's maximum sentence has not expired, and, thus, appellant has no constitutional or statutory right to immediate release from prison and transfer to a community based correctional facility.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment Opinion
__________________________ Peter B. Abele, Judge
[2] We note that in his brief, appellant cites the standard for granting a summary judgment. The trial court, however, did not dismiss appellant's petition pursuant to the summary judgment standard. Rather, the trial court determined that as a matter of law, appellant's petition must be dismissed due to his failure to comply with R.C. 2725.04 (D). Thus, Civ.R. 12 (B) governs our analysis.