Relator, Timothy M. Nash, seeks a writ of habeas corpus on the grounds that he was improperly indicted in the criminal cases of State v. Nash,
Cuyahoga County Court of Common Pleas Case Nos. CR-388410 and CR-392169. Specifically, the relator argues that he should have been charged with the criminal offenses of possession of drug paraphernalia, a minor misdemeanor, instead of the criminal offenses of drug possession as contained in the original indictments found in CR-388410 and CR-392169. The respondent, Warden Pevicic of the Cuyahoga County Jail, has filed a motion for summary judgment which we grant for the following reasons.
Initially, we find that the relator has failed to comply with the mandatory requirements of R.C. 2725.04(D), which requires that a copy of the cause of detention be attached to the petition for petition for habeas corpus. The petition for a writ of habeas corpus is thus fatally defective. Brown v. Rogers (1995), 72 Ohio St.3d 339; Cornell v.Schotten (1994), 69 Ohio St.3d 466; Bloss v. Rogers (1992),65 Ohio St.3d 145. In addition, habeas corpus is an extraordinary remedy, which may not be employed when there exists an adequate remedy at law such as an appeal. Moreover, habeas corpus may not be employed as a substitute for an appeal. Luchene v. Wagner (1984), 12 Ohio St.3d 37. Herein, the relator has filed an appeal with regard to his conviction and sentence of incarceration as imposed in CR-388410. Thus, habeas corpus may not be employed by the relator to challenge the conviction and sentence as rendered in CR-388410. In re Carlos O. (1994),96 Ohio App.3d 252. In addition, the offenses as charged in CR-392169 remain pending and are subject to review upon appeal. Once again, habeas corpus is not appropriate. Cf. State ex rel. Frazier v.Administrator/Director Juvenile Court Detention Home (1995),107 Ohio App.3d 245; Pettry v. McGinty (1979), 60 Ohio St.2d 92.
Accordingly, we grant the respondent's motion for summary judgment. Costs to relator.
Writ denied.
TERRENCE O'DONNELL, J. CONCURS.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE