JOURNAL ENTRY AND OPINION
Petitioner filed a motion for habeas corpus and appears to be complaining that the state has not indicted him within fourteen days where an inditment [sic] has been waived * * *.
In In Re: Woods (Apr. 26, 2001), Cuyahoga App. No. 79467, unreported, this court dismissed an action in habeas corpus sua sponte.
 Initially, we find that the relator has failed to comply with the requirements of R.C. 2725.04(D), which mandates that a copy of the cause of detention be attached to the complaint for a writ of habeas corpus.
 The complaint for a writ of habeas corpus is thus fatally defective. Brown v. Rogers (1995), 72 Ohio St.3d 339, 650 N.E.2d 422; Cornell v. Schotten (1994), 69 Ohio St.3d 466, 633 N.E.2d 1111; Bloss v. Rogers (1992), 65 Ohio St.3d 145, 602 N.E.2d 602. In addition, the relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that the complaint be supported with an affidavit which specifies the details of his claim. State ex rel. Wilson v. Calabrese, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996), Cuyahoga app. No. 70077, unreported; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. Finally, the relator has failed to comply with R.C. 2969.25 which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Id.at 1-2. Likewise, petitioner in this action failed to: attach the cause of his detention; support the petition with an affidavit complying with Loc.App.R. 45(B)(1)(a); and comply with R.C. 2969.25.
We also note that petitioner's filing is captioned Motion for Habeas Corpus. To the extent that [petitioner] is endeavoring to commence his writ action by filing a motion for writ of habeas corpus, such device is inadequate to the task and is fatally defective. State ex rel. Simms v. Sutula (1998), 81 Ohio St.3d 110 . State ex rel. Reed v. McFaul (Apr. 2, 1998), Cuyahoga App. No. 74114, unreported, at 2.
Accordingly, we dismiss the petition sua sponte. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
 _________________________ PATRICIA ANN BLACKMON, J.:
DIANE KARPINSKI, ADM.J., and JAMES D. SWEENEY, J., CONCUR.