Christopher R. BRUGGEMAN, Plaintiff–Appellant,

v.

Bob TAFT, Governor, et al., Defendants–Appellees.

No. 01–3380.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before BOGGS, GILMAN, and BRIGHT,[*] Circuit Judges.

### ORDER

Christopher Bruggeman, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant

---

to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and declaratory relief, Bruggeman sued the Ohio Governor (Taft), the Ohio Attorney General (Montgomery), a Judge (Ingraham) and "all Judges of the State of Ohio (Mercer County Common Pleas)," claiming that: 1) the defendants violated his First, Fifth, Ninth, and Fourteenth Amendment rights through the enforcement of Ohio's Sexual Predator Registration and Notification Laws, Ohio Rev.Code § 2950; and 2) Judge Ingraham lacked jurisdiction to conduct a hearing labeling him as a sexual predator. Upon review, the district court dismissed the case pursuant to 28 U.S.C. § 1915(e).

On appeal, Bruggeman reasserts his claim that the defendants violated his First, Ninth and Fourteenth Amendment rights. He has not reasserted his claim concerning his Fifth Amendment rights or his jurisdictional claim. Bruggeman has also filed a motion to "question the constitutionality of an act of congress."

■ Initially, we note that Bruggeman has not reasserted his claim concerning his Fifth Amendment rights or his jurisdictional claim. Because he has not argued these issues on appeal, they are considered abandoned and not reviewable. *See Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991), *cert. denied,* 503 U.S. 939, 112 S.Ct. 1481, 117 L.Ed.2d 624 (1992).

■ The district court properly dismissed Bruggeman's complaint pursuant to 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). As the district court correctly pointed out,

---

[*] The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

the injuries to which Bruggeman refers are not protected by the Constitution. Federal law simply does not guarantee a citizen the right to move and assemble in society free from being shunned by society. In addition, this court has recently held that there is no liberty interest in being free from having to register as a sex offender or from public disclosure of registry information. *Cutshall v. Sundquist*, 193 F.3d 466, 478–83 (6th Cir.1999). In making this decision, the court relied, in part, on its conclusion that such laws do not impose any restrictions on personal rights that are fundamental or implicit in the concept of ordered liberty. *Id.* at 480–81. Bruggeman has not alleged that his classification as a sexual predator prohibits him from associating with the purpose of engaging in any conduct protected under the First Amendment (i.e., speech, assembly, petition for the redress of grievances, or the exercise of religion).

Bruggeman has not stated a claim under the Fourteenth Amendment Due Process Clause. This court has stated that the first step in determining whether procedural due process has been denied is to ask "whether there exists a liberty interest or property interest which has been interfered with" by the defendant. *Jackson v. City of Columbus*, 194 F.3d 737, 749 (6th Cir.1999). If the court determines that there has been such a deprivation, the remaining question is what process is due. *Id.* As stated above, this court has recently held that there is no liberty interest in being free from having to register as a sex offender or from public disclosure of registry information. *Cutshall*, 193 F.3d at 478. Moreover, there is nothing in the language of Ohio's Sexual Predator law that requires a finding that a sexual offender suffer from a mental illness before he can be adjudicated a sexual predator. Rather, "mental illness" is merely one factor that a judge should consider in making such a decision. *See* Ohio Rev.Code § 2950.09.

As such, there was no requirement that the state establish that Bruggeman suffered from a mental illness.

Accordingly, we deny Bruggeman's motion and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.