JOURNAL ENTRY AND OPINION, Motion No. 40776.
Earl Doyle is the defendant in State v. Doyle, Cuyahoga County Court of Common Pleas Case No. CR-420852 on one count of drug trafficking and CR-423128. In the second case, Doyle was indicted on one count of aggravated robbery with a firearm specification; one count of kidnapping with a firearm specification; and one count Doyle claims that after posting bond for Case No. 420852, he as detained in Case No. 423128 and is now entitled to his freedom on both cases because he has been held in jail for more than ninety days. We dismiss this matter sua sponte.
Initially we find that the petition is not sufficient to maintain an action in habeas corpus because R.C. 2725.04 requires that petitions be verified, and the failure to verify the petition requires dismissal.[1]
Additionally, he failed to support his complaint with an affidavit specifying the details of the claim as required by Loc.R. 45(B)(1)(a).[2]
We further find that Doyle has failed to comply with the requirements of R.C. 2725.04(D,) which mandates that a copy of the cause of detention be attached to the petition, and it is fatally defective.[3] He also named the State and not the Sheriff who is the custodian.[4]
We also note that he has failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by him within the previous five years in any state or federal court.[5]
Accordingly, we dismiss Doyle's habeas corpus petition sua sponte. He is to pay costs, and the clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
FRANK D. CELEBREZZE JR., J., AND DIANE KARPINSKI, J., CONCUR.
[1] State v. Vore (2001), 91 Ohio St.3d 323, 744 N.E.2d 763; State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270,695 N.E.2d 254.
[2] State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
[3] Brown v. Rogers (1995), 72 Ohio St.3d 339, 650 N.E.2d 422; Cornell v. Schotten (1994), 69 Ohio St.3d 466, 633 N.E.2d 1111; Bloss v. Rogers (1992), 65 Ohio St.3d 145, 602 N.E.2d 602.
[4] R.C. 2725.04(B). See also State ex rel. Sherrils v. State (2001),91 Ohio St.3d 133, 742 N.E.2d 651, which affirmed the sua sponte dismissal of a petition for habeas corpus because the petitioner did not name the proper respondent.
[5] State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242; In Re: Woods (Apr. 26, 2001), Cuyahoga App. No. 79467; Clark v. State (May 17, 2001), Cuyahoga App. No. 79584.