{¶ 1} On December 30, 2002, Petitioner David Wayne filed a Petition for Writ of Habeas Corpus, asserting that he is being unlawfully restrained. Respondent David Bobby, Warden, moves to dismiss the petition for failure to state a claim upon which relief can be granted and for failure to comply with the requisite steps for petitioning for a Writ of Habeas Corpus, as are statutorily prescribed. For the following reasons, the petition is dismissed.
 {¶ 2} Petitioner claims that his sentence is contrary to law, and that he is therefore unlawfully restrained. He claims that his sentence was in violation of R.C. 2929.14, which states that if the term of imprisonment for a felony is not the shortest length of time allowable for that offense, then the court shall state on the record the reason for the longer sentence. He further claims that trial counsel's failure to raise this issue renders his or her assistance ineffective and thus unconstitutional.
 {¶ 3} The writ of habeas corpus will only be issued in certain extraordinary circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy. State ex rel. Pirman v. Money
(1994), 69 Ohio St.3d 591, 593. Habeas corpus is not to be used as a substitute for other forms of action, such as direct appeal. Adams v.Humphreys (1986), 27 Ohio St.3d 43.
 {¶ 4} Habeas corpus is not a proper remedy for reviewing allegations of sentencing errors when that sentence was made by a court of proper jurisdiction. R.C. 2725.05; Majoros v. Collins (1992),64 Ohio St.3d 442; State ex rel. Wynn v. Baker (1991), 61 Ohio St.3d 464. Direct appeal or post-conviction relief is instead the proper avenue to address such alleged errors in sentencing. Blackburn v. Jago (1988),39 Ohio St.3d 139, 139.
 {¶ 5} Where a Petitioner possessed the adequate legal remedies of appeal and post-conviction to challenge his sentencing, a petition for habeas corpus may properly be dismissed. See State ex rel. Massie v.Rogers (1997), 77 Ohio St.3d 449, 450. Petitioner was never denied the chance to directly appeal his conviction or to petition for post-conviction relief; in fact, he appealed the aspects of the judgment in this matter, and yet did not raise the issues he raises in this petition. Thus, the challenge to his sentence by way of habeas corpus is improper and must be denied. Moreover, Petitioner previously filed a motion to correct an illegal sentence. That motion was denied on the grounds of res judicata. That judgment was not appealed and this action in habeas corpus presents the same issue raised in the motion. Petitioner failed to avail himself of an available legal remedy.
 {¶ 6} Petitioner also makes a brief claim that his trial counsel was ineffective for failing to raise the issue of improper sentencing. However, claims of ineffective assistance of counsel are also not cognizable in habeas corpus. R.C. 2725.05; Thomas v. Huffman (1998),84 Ohio St.3d 266, 267; Cornell v. Schotten (1994), 69 Ohio St.3d 466. As with the sentencing issues addressed above, so long as Petitioner has or had adequate legal remedy for the issues complained of, habeas corpus will not be a substitute for direct appeal or post-conviction relief.Cornell, 69 Ohio St, 3d at 467.
 {¶ 7} Even if Petitioner's claims were recognizable in habeas corpus, the petition would still be dismissed for failure to comply with the statutory requirements of a petition for habeas corpus. R.C. 2725.04
demands that an application for a writ of habeas corpus be "verified." In interpreting the word verify in the context of R.C. 2725.04, the Ohio Supreme Court has held that
 {¶ 8} "[i]n the absence of any statutory definition of the requisite verification, we must apply the word's usual, normal, or customary meaning. State ex rel. Cuyahoga Cty. v. State Personnel Bd. ofReview (1998), 82 Ohio St.3d 496, 499; R.C. 1.42. `Verification' means a `formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.' Garner, Black's Law Dictionary (7 Ed. 1999) 1556 * * *."Chari v. Vore (2001), 91 Ohio St.3d 323, 328.
 {¶ 9} The petition is simply signed; it is not notarized or in any other way verified. Failure to verify a petition in compliance with R.C.2725.04 is grounds for dismissal of the petition. Sidle v. Ohio AdultParole Auth. (2000), 89 Ohio St.3d 520, 520.
 {¶ 10} Furthermore, R.C. 2969.25(A) requires that, "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."
 {¶ 11} Petitioner did not file such an affidavit with this petition for habeas corpus. A petition for habeas corpus is an action that is civil in nature. Therefore, failure to file an affidavit in accord with R.C. 2969.25 with a petition for habeas corpus is grounds for dismissal of the petition. State ex rel. Zanders v. Ohio Parole Bd.
(1998), 82 Ohio St.3d 421; Richards v. Tate, 7th Dist. No. 01-BA-51,2002-Ohio-436.
 {¶ 12} For the above stated reasons, the petition for habeas corpus is dismissed. Costs taxed against Petitioner.
 {¶ 13} Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, P.J., Donofrio and DeGenaro, JJ., concur.