OPINION
{¶ 1} Appellant, Christopher R. Bruggeman ("Bruggeman"), appeals the July 14, 2004 journal entry of the Common Pleas Court of Auglaize County denying his petition for postconviction relief.
 {¶ 2} On September 10, 1993, Bruggeman was indicted on four counts of gross sexual imposition in violation of R.C. 2907.05. On November 2, 1993, a jury found Bruggeman guilty of three counts of gross sexual imposition. Bruggeman was sentenced on December 17, 1993 to three consecutive terms of not less than four years, nor more than ten years, for a total sentence of twelve to thirty years.
 {¶ 3} Bruggeman's convictions were affirmed by this Court in State v.Bruggeman (Nov. 8, 1994), 3d Dist. No. 2-94-1, unreported, 1994 WL 645957. This Court then denied Bruggeman's delayed application for reopening of appeal. The Ohio Supreme Court declined to take jurisdiction and denied Bruggeman's delayed application for reopening in State v.Bruggeman (1996), 74 Ohio St.3d 1497, 659 N.E.2d 312, and denied reconsideration of the same in State v. Bruggeman (1996),74 Ohio St.3d 1517, 660 N.E.2d 472. In 1998, Bruggeman filed a petition in this Court for a writ of habeas corpus, which was denied. The Ohio Supreme Court affirmed this Court's decision in State ex rel. Bruggemanv. Leonard, 86 Ohio St.3d 298, 1999-Ohio-165, 714 N.E.2d 921. Bruggeman then filed a petition for a federal writ of habeas corpus in the United States District Court for the Northern District of Ohio, which was denied. The Sixth Circuit Court of Appeals affirmed the district court's judgment in Bruggeman v. Taft (6th Cir. 2001), 27 Fed. Appx. 456, 2001 WL 1450722. Bruggeman filed a petition for writ of habeas corpus before the United States Supreme Court, which was denied in In re Bruggeman
(2003), 538 U.S. 997, 123 S.Ct. 1924, 155 L.Ed.2d 843.
 {¶ 4} On July 12, 2004, Bruggeman filed a second petition for postconviction relief with the Common Pleas Court of Auglaize County. The trial court denied this petition on July 14, 2004. It is from this judgment that Bruggeman now appeals asserting the following assignment of error.
The trial court erred and abused judicial discretion to deny (sic)appellant's petition for post-conviction relief brought pursuant to OhioRev. Code § 2953.23(A)(1)(b).
 {¶ 5} In his sole assignment of error, Bruggeman argues that the trial court did not properly apply the standard for determining whether the asserted new federal right announced in Fellers v. United States (2004),540 U.S. 519, 124 S.Ct. 1019, 157 L.Ed.2d 1016, applies retroactively, thereby denying him an exception to the time requirement for filing a petition for postconviction relief.
 {¶ 6} R.C. 2953.21 governs petitions for postconviction relief and provides, in pertinent part, that:
Except as otherwise provided in section 2953.23 of the Revised Code, apetition under division (A)(1) of this section shall be filed no laterthan one hundred eighty days after the date on which the trial transcriptis filed in the court of appeals in the direct appeal of the judgment ofconviction or adjudication * * *. R.C. 2953.21(A)(2). R.C. 2953.23
provides the exceptions to the time limit for filing a petition for postconviction relief and states, in pertinent part:
(A) Whether a hearing is or is not held on a petition filed pursuant tosection 2953.21 of the Revised Code, a court may not entertain a petitionfiled after the expiration of the period prescribed in division (A) ofthat section or a second petition or successive petitions for similarrelief on behalf of a petitioner unless division (A)(1) or (2) of thissection applies:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidablyprevented from discovery of the facts upon which the petitioner must relyto present the claim for relief, or, subsequent to the period prescribedin division (A)(2) of section 2953.21 of the Revised Code or to thefiling of an earlier petition, the United States Supreme Court recognizeda new federal or state right that applies retroactively to persons in thepetitioner's situation, and the petition asserts a claim based on thatright.
 (b) The petition shows by clear and convincing evidence that, but forconstitutional error at trial, no reasonable factfinder would have foundthe petitioner guilty of the offense of which the petitioner wasconvicted * * *.
 {¶ 7} The trial transcripts in Bruggeman's direct appeal were filed in this Court on April 11, 1994. Over ten years after those transcripts were filed with the court, Bruggeman filed his second petition for postconviction relief in the trial court. Without an exception to the 180 day time requirement of R.C. 2953.21(A)(2), Bruggeman's petition is clearly untimely. However, Bruggemen argues that his petition is timely pursuant to R.C. 2953.23(A)(1).
 {¶ 8} Generally, new constitutional rules of criminal procedure are not applicable to cases which have become final before the new rules are announced. Teague v. Lane (1989), 489 U.S. 288, 310, 109 S.Ct. 1060,103 L.Ed.2d 334. Two exceptions to this general rule of nonretroactivity for cases on collateral review have been identified. Id. at 307. The first exception is when a new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id., quoting Williams v. United States (1971),401 U.S. 667, 692, 91 S.Ct. 1171, 28 L.Ed.2d 204. The second exception is when the new rule requires the observance of "those procedures that . . . are `implicit in the concept of ordered liberty.'" Id., quoting Palkov. Connecticut (1937), 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288. The second exception has been interpreted to be reserved for watershed rules of criminal procedure. Teague, 489 U.S. at 311.
 {¶ 9} Bruggeman asserts that the Fellers case announced a new rule that falls under the second exception to the general rule of nonretroactivity for cases on collateral review stated above. Bruggeman, therefore, argues that the trial court erred in holding that the Fellers
decision is inapplicable to his case.
 {¶ 10} The United States Supreme Court stated in Teague v. Lane that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." Teague,489 U.S. at 301. As the Court explained in Desist v. United States
(1969), 394 U.S. 244, 263, 89 S.Ct. 1030, 22 L.Ed. 248, "[f]irst, it is necessary to determine whether a particular decision has really announced a `new' rule at all or whether it has simply applied a well-established constitutional principle to govern a case which is closely analogous to those which have been previously considered in the prior case law."
 {¶ 11} In his brief, Bruggeman proposes that the Fellers case announced a "watershed rule of criminal procedure" when it stated:
The Court of Appeals did not reach the question whether the SixthAmendment requires suppression of petitioner's jailhouse statements onthe ground that they were the fruits of previous questioning conducted inviolation of the Sixth Amendment deliberate-elicitation standard. We havenot had occasion to decide whether the rationale of [Oregon v. Elstad(1985), 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222] applies when asuspect makes incriminating statements after a knowing and voluntarywaiver of his right to counsel notwithstanding earlier police questioningin violation of Sixth Amendment standards. We therefore remand to theCourt of Appeals to address this issue in the first instance.
 Fellers, 540 U.S. at 525. However, this holding by the Fellers Court did not announce a new rule pursuant to the Court's interpretation inDesist. The Court in Fellers merely concluded that the Eighth Circuit Court of Appeals "improperly conducted its `fruits' analysis under the Fifth Amendment" and remanded the case to that court for determination of the issue. The Fellers Court specifically stated that it had not had the occasion to determine whether the Elstad rationale applied to the issue before it and reserved such determination for the Court of Appeals in that particular case. Furthermore, on remand, the Court of Appeals held that the exclusionary rule was inapplicable to Feller's case and his conviction was affirmed. See United States v. Fellers (8th Cir. 2005), ___ F.3d ___, 2005 WL 350959.
Therefore, the Fellers case does not announce a new rule of criminal procedure that entitles Bruggeman to postconviction relief and the trial court properly denied Bruggeman's petition as untimely. Accordingly, Bruggeman's assignment of error is overruled.
 {¶ 12} Having found no merit with the assignment of error, we affirm the judgment of the Common Pleas Court of Auglaize County.
Judgment affirmed.
 Cupp, P.J., and Rogers, J., concur.