THE STATE EX REL. BEAVER, APPELLANT, *v.* KONTEH, WARDEN, APPELLEE.

[Cite as *State ex rel. Beaver v. Konteh* (1998), 83 Ohio St.3d 519.]

(No. 98–1285—Submitted October 13, 1998—Decided November 10, 1998.)

*Richard Darnell Beaver,* pro se.

*Betty D. Montgomery,* Attorney General, and *Karen L. Killian,* Assistant Attorney General, for appellee.

***Per Curiam.*** Beaver asserts that the court of appeals erred in dismissing his habeas corpus petition. For the reasons that follow, however, Beaver's contentions lack merit.

First, Beaver's claim concerning the grand jury selection process attacks the validity and sufficiency of his indictment and is nonjurisdictional. *Thornton v. Russell* (1998), 82 Ohio St.3d 93, 94, 694 N.E.2d 464, 465; *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274.

Second, as the court of appeals concluded in Beaver's direct appeal, Beaver invited any error arising from the felonious assault charge because his trial counsel requested a jury instruction on that charge.[1] See *State v. Keenan* (1998),

---

1. Whether felonious assault is a lesser included offense of murder or attempted murder has not yet been resolved. See, *e.g., State v. Williams* (1998), 81 Ohio St.3d 1262, 1262–1263, 693 N.E.2d 282 (Cook, J., dissenting).

81 Ohio St.3d 133, 144, 689 N.E.2d 929, 942. Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make. *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 471, 692 N.E.2d 198, 202; cf. *Beaucamp*, 77 Ohio St.3d at 238, 673 N.E.2d at 1274–1275, and *Stacy v. Van Coren* (1969), 18 Ohio St.2d 188, 189, 47 O.O.2d 397, 398, 248 N.E.2d 603, 604, in which we held that a plea of guilty to an uncharged offense waives the right to an indictment on that offense, thereby precluding issuance of a writ of habeas corpus.

Third, Beaver's claims of double jeopardy and erroneous jury instructions are not cognizable in habeas corpus. *Borsick v. State* (1995), 73 Ohio St.3d 258, 259, 652 N.E.2d 951, 952; *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 152, 666 N.E.2d 1134, 1136.

Finally, the fact that Beaver has already invoked alternate remedies, *e.g.*, appeal and postconviction relief, to raise some of these same issues does not entitle him to extraordinary relief. See *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.