DECISION AND JOURNAL ENTRY
Defendant Shirley L. Warner has appealed from her conviction in the Summit County Court of Common Pleas on six counts of child endangering in violation of R.C. 2919.22(A) and (B). This Court affirms.
 I.
On January 27, 1998, Defendant was indicted on three counts of felonious assault, violations of R.C. 2903.11 (A)(1), and six counts of endangering children, violations of R.C. 2919.22(A) and (B)(2). The charges were based on injuries allegedly sustained by Donovan Carey and Sabrina Fate while they were in Defendant's care.
At the time of the alleged acts, Defendant operated a day care center out of her home. Donovan's parents, Dawn and Andrew Carey, placed him with Defendant as a day care provider on July 14, 1997. At that time, Donovan was approximately ten weeks old. When Mr. Carey picked Donovan up from Defendant's house on July 17, 1997, Donovan was making grunting noises as if he was having difficulty breathing. Mr. and Mrs. Carey took Donovan to the hospital that evening. At the hospital, x-rays were taken of Donovan's lungs, but the doctors were unable to ascertain exactly what was wrong with him. Donovan was admitted into the hospital for three days and then released.
When Ms. Carey picked Donovan up from Defendant's home on August 25, 1997, he had a small bruise on one side of his head and a large bruise on the other side. Finally, on August 29, 1997, when Ms. Cary picked Donovan up from Defendant's house, he was very fussy and he remained fussy all night long. The next morning while giving him a bath, Ms. Cary noticed that Donovan's shoulder was "all red." Donovan was again taken to the emergency room where it was discovered that he had a fractured left clavicle. Full body x-rays were taken at that time. Those x-rays revealed rib fractures that had begun to heal. The x-rays taken on July 17, 1997 were re-examined. A closer examination of those x-rays revealed some of the rib fractures that had begun to heal in the August 30, 1997 x-rays.
Donovan's doctor indicated that the fractures, specifically the rib fractures, without any sufficient accidental explanation were highly indicative of abuse. As a result, the police opened an investigation. During the investigation, the police interviewed Donovan's parents, the medical experts and Defendant. The police were unable to determine at that time who had injured Donovan so the investigation was closed.
On October 20, 1997, Nadine and John Fate placed their daughter, Sabrina, with Defendant for day care. At that time, Sabrina was seven months old. That evening, while giving Sabrina a bath, Mrs. Fate noticed bruises on Sabrina's back that looked like fingerprints. When Mr. Fate arrived at Defendant's house on October 23, 1997 to pick up Sabrina, she was lying on the floor between Defendant's feet screaming. Sabrina shook and cried uncontrollably that evening. After two days, Mr. and Mrs. Fate took her to the emergency room. She was diagnosed as having a fractured femur. Sabrina's injury was indicative of physical abuse.
Defendant plead not guilty and the case proceeded to a jury trial on May 11, 1998. On May 14, 1998, the jury found Defendant guilty on all six counts of endangering children and not guilty on the felonious assault charges. The trial court sentenced her on June 3, 1998. Defendant timely appealed, asserting five assignments of error.
 II. A.
First Assignment of Error
 Reversible plain error in the proceedings of the conduct of the trial was committed to the absolute prejudice of the defendant, Shirley L. Warner.
In her first assignment of error, Defendant has argued that her substantial rights were so adversely affected as to undermine the fairness of the trial. Because Defendant's arguments as to this assignment of error are convoluted, it is difficult for this Court to determine exactly what Defendant is challenging. Defendant appears to be claiming that her rights were prejudiced by numerous incidents of error which were allegedly committed by the State.
It is important to note that Defendant failed to object at trial to most of the errors that she is challenging on appeal. Because she did not object to those errors at trial, she has waived her right to assert them as error on appeal except to the extent that they constituted plain error. State v. Joseph (1995),73 Ohio St.3d 450, 455. Defendant has, consequently, contended that the errors at trial rose to the level of plain error. Crim.R. 52 sets forth the definitions of harmless error and plain error:
 (A) Harmless error. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.
 (B) Plain error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Plain error does not exist unless, but for the error, the outcome at trial would clearly have been different. State v. Moreland (1990), 50 Ohio St.3d 58, 62.
Defendant appears to be challenging (1) the State's introduction of testimony alleged to be hearsay, (2) the State's and witness's references to Defendant as "perp," "perpetrator," and "suspect," (3) the State's introduction of cumulative testimony, (4) the State's use of leading questions on direct examination. After reviewing the record, this Court cannot say that, but for the testimony referred to by Defendant, the outcome of the trial would have been different. Accordingly, the alleged errors do not rise to the level of plain error. Defendant's first assignment of error is overruled.
 B.
Second Assignment of Error
 Reversible error was committed when the jury convicted defendant, Shirley L. Warner, on the basis of insufficient circumstantial evidence.
Fifth Assignment of Error
 Reversible error was committed in not granting the Rule 29 motion for acquittal made at the conclusion of the state's case and at the conclusion of the case.
Because they are related, Defendant's second and fifth assignments of error will be discussed together. Defendant has essentially argued that her conviction was not supported by sufficient evidence. Specifically, Defendant has argued that the State's case was based entirely on insufficient circumstantial evidence.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus, the Ohio Supreme Court determined that circumstantial evidence is considered to possess the same probative value as direct evidence. Regardless of whether the evidence is circumstantial or direct, the issue on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id. at 273. Accordingly, to determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id. at paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386 ("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.").
The jury found Defendant guilty on all six counts of endangering children, violations of R.C. 2919.22(A) and (B)(2). R.C. 2919.22 provides in pertinent part:
 (A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.
 (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
* * *
(2) Torture or cruelly abuse the child[.]
Defendant has argued that the State failed to present sufficient evidence to prove all of the essential elements of those crimes beyond a reasonable doubt.
At trial, the State presented the testimony of the children's parents. Both children attended day care at Defendant's house on different dates. The children's parents testified that the children were fine when they were dropped off at Defendant's home. The parents then testified that their children were not their normal selves when they were picked up from Defendant's house.
The State also presented the testimony of medical experts pertaining to the injuries suffered by the children. The experts opined that due to the ages of the children, the children could not have injured themselves. The experts also stated that the injuries suffered had been caused by significant amounts of force.
Viewing all of the evidence in the light most favorable to the prosecution, a rational trier of fact could have found all of the essential elements of the crime proven beyond a reasonable doubt. Defendant's second and fifth assignments of error are overruled.
 C.
Third Assignment of Error
 Reversible error was committed in the admission of incomplete testimony of the previously-given statement of a state's witness.
In her third assignment of error, Defendant has argued that the trial court improperly admitted evidence of prior uncharged acts over her objection. First, she has argued that she was not notified of the prosecutor's intent to introduce testimony of prior uncharged acts. Second, she has argued that only a small part of the witness's "previously-given statement" was admitted while the "beneficial portions" were not included. Defendant's arguments are without merit.
The State called Laura Carey, Donovan's aunt, to the stand to testify. She stated that Defendant had provided day care for her son, Nicholas. Dawn and Andrew Carey had spoken to her prior to placing Donovan with Defendant in order to determine if she was happy with Defendant's services. She told Dawn and Andrew that she was happy with Defendant's services, and she gave them Defendant's phone number.
The State then asked Laura Carey if she had ever noticed any unusual marks or bruises on her son from the time he started in Defendant's day care until July 1997. Defendant objected and the court held a discussion outside of the hearing of the jury. Defendant argued that, if the witness was going to testify to a prior act, she was entitled to notice of the State's intent to use the testimony. The State contended that the witness was listed on the State's witness list and that a witness statement was in the file. The Court overruled Defendant's objection.
Laura Carey then testified that on one occasion she noticed bruises on her son when he was picked up from the Defendant's house. She also testified that on another occasion she noticed a small cut behind his ear after picking him up from Defendant's house. Defendant's counsel then cross-examined the witness.
Defendant has failed to point this Court to, and this Court has been unable to locate, any authority to support her position that she was entitled to any specific notice of the State's intent to use the testimony. Evid.R. 404(B), which relates to the admissibility of evidence of "other acts," does not require advance notice of such evidence. State v. Nelson (Aug. 22, 1986), Montgomery App. CA 9363, unreported, 1986 Ohio App. LEXIS 8041, at *13.[1] Although Fed.R.Evid 404(B) requires the prosecution in a criminal case to provide reasonable notice, Ohio has not adopted a similar rule. State v. Powell (Mar. 2, 1993), Meigs App. No. 467, unreported, 1993 Ohio App. LEXIS 1346, *8, fn. 1. Additionally, Defendant had notice that the State intended to introduce the testimony of Laura Carey and had an opportunity to cross-examine her. Accordingly, the trial court did not err in admitting the testimony.
Further, as to Defendant's argument regarding the "previously-given statement," no such statement was offered or admitted into evidence at trial. Appellate review is limited to the record as it existed at the time judgment was rendered. See McKay v. Cutlip (1992), 80 Ohio App.3d 487, 490, fn. 3. See also Rule 12(A) of the Ohio Rules of Appellate Procedure. Accordingly, Defendant's third assignment of error is overruled.
 D.
Fourth Assignment of Error
 Reversible error was committed in not charging the jury on any lesser included offenses in the instructions.
In her fourth assignment of error, Defendant has argued that, given the nature of the testimony from the witnesses and her acquittal on three counts, it was obviously plain error for the court to fail to give jury instructions on lesser included offenses. Defendant's argument is without merit.
During the trial, a discussion regarding jury instructions was held outside of the hearing of the jury. Regarding instructions on lesser included offenses, the following discussion occurred:
 [Defense Counsel]: I am not requesting any lesser includeds (sic), Judge.
The Court: You don't want me to charge on any?
[Defense Counsel]: No.
 The Court: Okay. Then I won't. I will take that part out. "Under the invited error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." State ex rel. Beaver v. Konteh (1998), 83 Ohio St.3d 519, 521. In this case, the court was prepared to instruct the jury on lesser included offenses; however, the court did not do so upon the request of Defendant's trial counsel. Because trial counsel told the court not to instruct the jury on lesser included offenses, Defendant invited any error by the trial court. Accordingly, Defendant's fourth assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE FOR THE COURT SLABY, P.J.
CARR, J. CONCUR
[1] Although the Second District Court in Nelson refers to Crim.R. 404(B), it is clear from the opinion that the court was referring to Evid.R. 404(B).