OPINION
{¶ 1} This is a timely appeal of a judgment of the Columbiana County Court of Common Pleas, Juvenile Division, which arose out of a motion to reallocate parental rights and responsibilities. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Frank Medure, Jr. ("Appellant") and Gina Medure were married, for a second time, in 1978. During their remarriage they had six children: Jeffrey Paul Medure ("Appellee"), d.o.b. 12/21/1979; Justin Joseph Medure ("Justin"), d.o.b. 11/11/1981; Marissa Lynn Medure, d.o.b. 6/4/1983; Brianna Kay Medure ("Brianna"), d.o.b. 5/13/1985; Frank Anthony Medure, III, d.o.b. 12/16/1987; and Michael Tod Standen Medure, d.o.b. 12/10/1989.
 {¶ 3} Appellant and Gina Medure were granted a divorce in the Columbiana County Court of Common Pleas on January 12, 1999. Gina Medure was awarded custody of the minor children as part of the divorce.
 {¶ 4} On January 31, 2000, Gina Medure died in an automobile accident.
 {¶ 5} On February 8, 2000, Appellant filed a Motion for Ex Parte Order of Companionship, filing it under the common pleas court case number used in the 1999 divorce action. In the motion, Appellant asked to be named as the residential parent of the minor children. At the time of this filing, the oldest two of the children (Appellee and Justin) had reached the age of majority.
 {¶ 6} On February 11, 2000, Appellee moved for an order naming him as a new party defendant in the case. Appellee alleged that the remaining minor children were in his custody and care. Also on February 11, 2000, Appellant and Appellee entered into an Agreed Judgment Entry which acknowledged that Appellee was a new party defendant in the case.
 {¶ 7} On July 24, 2000, Appellant and Appellee entered into another Agreed Judgment Entry, in which they agreed that the case would be transferred to Columbiana County Court of Common Pleas, Juvenile Division. They also agreed that the, "matter shall be set as a contested custody action by and between Third-Party Plaintiff, Jeff Medure and Defendant, Frank Anthony Medure, Jr." (7/24/2000 J.E.).
 {¶ 8} On October 30, 2000, Appellant amended his motion for companionship to clarify his request for custody of the four minor children.
 {¶ 9} A two-day trial on the merits was held on November 28, 2000, and concluded on December 26, 2000. Eighteen people testified at the trial, including Appellant, his parents, his brothers, the court-appointed guardian ad litem ("GAL"), a counselor, a psychologist, a social worker, a teacher, a family friend, and five of Appellant's six children.
 {¶ 10} On January 19, 2001, the juvenile court issued its Opinion and Judgment Entry. The court found that, "an award of custody of any one (1) or more of these children to Frank Medure would be detrimental to all of them." (1/19/2001 Opinion, p. 4). The court named Appellee as the residential parent and legal custodian of all four minor children. Appellant filed this appeal on February 20, 2001.
 {¶ 11} Appellant asserts a single assignment of error for our review:
 {¶ 12} "I. THE TRIAL COURT ERRED IN ITS FINDING THAT BY A PREPONDERANCE OF THE EVIDENCE THAT AN AWARD OF CUSTODY OF ANY ONE (1) OF THE MEDURE CHILDREN TO FRANK MEDURE, JR. WOULD BE DETRIMENTAL TO ALL OF THEM."
 {¶ 13} Appellant is challenging the factual findings of the trial court's decision which awarded custody of the children to Appellee. Our standard of review of this decision is very deferential to the trial court: "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Trickey v. Trickey (1952),158 Ohio St. 9, 13, 106 N.E.2d 772. The term "abuse of discretion" means more than simply an error of law or judgment; it signifies that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. If there is some competent, credible evidence in the record to support the trial court's decision, there is generally no basis for a reviewing court to find an abuse of discretion. Ross v. Ross (1980), 64 Ohio St.2d 203,204, 414 N.E.2d 426.
 {¶ 14} Appellant presents four sub-issues related to this assignment of error. Appellant's first sub-issue argues that the evidence does not support the trial court's finding that it would be detrimental to grant custody of any of the children to Appellant. Appellant contends that this case is governed by In re Perales (1977), 52 Ohio St.2d 89,369 N.E.2d 1047, which held:
 {¶ 15} "In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." Id. at syllabus.
 {¶ 16} Perales refers to R.C. § 2151.23(A)(2), which states:
 {¶ 17} "(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
 {¶ 18} "* * *
 {¶ 19} "(2) Subject to division (V) of section 2301.03 of the Revised Code, to determine the custody of any child not a ward of another court of this state;" (Emphasis added.)
 {¶ 20} Although this case was not initiated on the authority of R.C. § 2151.23, Appellant presumes that the Perales holding applies to custody cases arising out of other statutes as well.
 {¶ 21} Furthermore, the trial court relied on Perales in making its decision. The trial court found that it would be detrimental to the children for Appellant to have custody, which is one of the findings required by Perales. Appellant argues that the manifest weight of the evidence does not support the trial court's finding of unsuitability.
 {¶ 22} Appellee appears to argue in rebuttal that the juvenile court was not required to make the finding that Appellant complains of, and therefore, Appellant could not have been prejudiced by the finding. Appellee argues that this case was certified to the juvenile court pursuant to R.C. § 3109.06, which states in pertinent part:
 {¶ 23} "In any case in which a court of common pleas * * * has issued an order that allocates parental rights and responsibilities for the care of minor children and designates their place of residence and legal custodian of minor children, * * * the jurisdiction of the courtshall not abate upon the death of the person awarded custody but shall continue for all purposes during the minority of the children. Thecourt, upon its own motion or the motion of either parent or of any interested person acting on behalf of the children, may proceed to makefurther disposition of the case in the best interests of the children and subject to sections 3109.42 to 3109.48 of the Revised Code. If thechildren are under eighteen years of age, it may certify them, pursuantto this section, to the juvenile court of any county for furtherproceedings.
 {¶ 24} "* * *
 {¶ 25} "Any disposition made pursuant to this section, whether by a juvenile court after a case is certified to it, or by any court upon the death of a person awarded custody of a child, shall be made in accordance with sections 3109.04 and 3109.42 to 3109.48 of the Revised Code." (Emphasis added.)
 {¶ 26} As is evident by the wording of the preceding statute, a case that is certified to the juvenile court pursuant to R.C. § 3109.06
is subject to the provisions of R.C. § 3109.04. R.C. §3109.04(B)(1) states:
 {¶ 27} "(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take intoaccount that which would be in the best interest of the children." (Emphasis added.)
 {¶ 28} Also relevant is R.C. § 3109.04(D)(2) which states:
 {¶ 29} "(2) If the court finds, with respect to any child under eighteen years of age, that it is in the best interest of the child forneither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative of the child or certify a copy of its findings * * * to the juvenile court for further proceedings * * *." (Emphasis added).
 {¶ 30} Appellee contends that this case should be governed by the "best interests" standard of R.C. § 3109.04, rather than the standard set forth in Perales, which is based on parental unsuitability. Appellee asserts that the trial court was not required to make a finding of parental unsuitability. Appellee's conclusion appears to be that it was harmless error for the trial court to make an unnecessary finding.
 {¶ 31} R.C. § 3109.04 governs custody disputes between parents and non-parents which arise as part of a divorce. Ohio's courts have been reaching a general consensus that, despite the pure "best interests" language of R.C. § 3109.04, some type of Perales "parental unsuitability" test must be applied in custody disputes between a parent and a non-parent before custody may be awarded to a non-parent. Baker v.Baker (1996), 113 Ohio App.3d 805, 812, 682 N.E.2d 661 (Ninth District) (a finding that the parents are unsuitable is implicit when custody is awarded to non-parent); affirmed in Comstock v. Comstock (Mar. 1, 2000), 9th Dist. No. 99 CA 007339; Lewis v. Lewis, 7th Dist. No. 99-JE-6, 2001-Ohio-3167 (in which this Court essentially adopts the holding inBaker and Comstock); Gorslene v. Huck, 5th Dist. No. 01CA40, 2001-Ohio-1680; Esch v. Esch (Feb. 23, 2001), 2nd Dist. No. 18489; In rePryor (1993), 86 Ohio App.3d 327, 334, 620 N.E.2d 973 (Fourth District);In re Dunn (1992), 79 Ohio App.3d 268, 271 (Third District). Although the dissenting opinion below attempts to distinguish these cases from one another, the ultimate conclusion in each one is that a parental unsuitability test must be applied prior to awarding custody of a child to the non-parent.
 {¶ 32} One of the main reasons for requiring a "parental unsuitability" test, even in cases governed by the "best interests" language or R.C. § 3109.04, is, "that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children."Troxel v. Granville (2000), 530 U.S. 57, 66, 120 S.Ct. 2054,147 L.Ed.2d 49. "A parent's constitutional right to custody of his child is sufficiently protected by the requirement of R.C. 3109.04 that custody not be awarded to a nonparent unless such an award is in the best interest of the child and by the implicit finding regarding suitabilityincluded in that finding." (Emphasis added.) Baker, supra,113 Ohio App.3d at 812, 682 N.E.2d 661.
 {¶ 33} Historically, not every appellate court has agreed that R.C. § 3109.04 incorporates or requires the application of a "parental unsuitability" test. Wright v. Wright (Oct. 19, 1995), 8th Dist. No. 67884; see also State ex rel. Reeves v. O'Malley (June 1, 2001), 8th Dist. No. 78900 (in which the court appears to question its holding in Wright).
 {¶ 34} There is no need for us to enter into a lengthy discussion of Appellee's attempt to apply the "best interests" test in this case, because Appellant is not raising this issue. Our duty is to review the issues raised by an appellant's assignments of error, and not to address every issue raised by an appellee, particularly if those issues are not relevant to resolving the appeal. App.R. 12(A). Appellant assumes thePerales "parental unsuitability" test generally applies to custody cases between parents and nonparents, and this Court has previously come to the same conclusion. See Lewis, supra, 7th Dist. No. 99-JE-6, 2001-Ohio-3167. Appellant is only concerned with the weight of the evidence as applied to the Perales test.
 {¶ 35} The question before us, therefore, is whether the evidence supports the trial court's finding that Appellant relinquished his right to custody of the children because he was an unsuitable parent. "Whether or not a parent relinquishes rights to custody is a question of fact, which, once determined, will be upheld on appeal if there is some reliable, credible evidence to support the finding." Masitto v. Masitto
(1986), 22 Ohio St.3d 63, 66, 22 OBR 81, 488 N.E.2d 857.
 {¶ 36} The trial court noted certain findings made by the GAL in her report: the children distrusted Appellant; Appellant was not generally a part of the children's lives; Appellant verbally and physically abused the children; he used severe forms of discipline against the children, including beating them and hitting them with ropes; and he did not keep adequate supplies of food at home. (Tr., Court Exh. 1, GAL Report). Some of the children themselves testified that they were afraid of Appellant and did not want him to have custody. (Tr., p. 447, 465, 484). Alise Bartley, a clinical counselor who treated the children for depression, testified that Appellant had anger management problems. She also testified that the children should not be separated from one another. (Tr. p. 55 ff., 75, 80). Ms. Bartley opined that she could not picture Appellant and the children living in a "cohesive, happy, stable environment in the near future." (Tr., p. 86).
 {¶ 37} Appellee testified that, when he was younger, he was "scared to death" of Appellant. (Tr., p. 119). He testified that Appellant, "would beat me until, you know, I was black and blue and couldn't walk." (Tr., p. 121).
 {¶ 38} Mrs. Sandra Henson, a friend of the Medure family and Marissa's god-mother, testified that she did not think Appellant had the social and personal skills to raise Brianna. (Tr., p. 425-426). Brianna has special needs and was diagnosed with cerebral palsy. (GAL report).
 {¶ 39} We find substantial evidence in the record supporting the trial court's finding that it would be detrimental for Appellant to be awarded custody of the children.
 {¶ 40} The dissenting opinion below spends considerable time dissecting this Court's recent decision of In re Custody of Lowe (Jan. 16, 2002), 7th Dist. No. 00 CO 62. We have not relied on that decision as it is factually and legally distinguishable from the case at bar. InLowe, the custody dispute involved grandparents attempting to gain custody of two grandchildren. The case did not arise out of divorce, legal separation or annulment proceedings, or proceedings pertaining to the allocation of parental rights and responsibilities. Id. at *1. We concluded that the custody dispute did not arise out of R.C. § 3109.04, and was therefore governed by R.C. § 2151.23. Id at *2. The case at bar arose due to Appellant's attempt to gain custody of his child after a divorce and after the child's mother had died. Appellee, Jeffrey Paul Medure subsequently entered the case by mutual agreement of the parties. Therefore, this case arose out of proceedings initiated and governed by R.C. § 3109.04, raising issues not present in the Lowe opinion.
 {¶ 41} It is also unclear why the dissent would overrule Lowe as it did not hold, as the dissent suggests, that the parental unsuitability test governs all custody cases litigated in juvenile court, and since the analysis in Lowe does not deal with the situation which has arisen in the case sub judice.
 {¶ 42} The dissenting opinion also questions the trial court's and this Court's reliance on evidence contained within the GAL's report. The dissent once again mischaracterizes the Lowe opinion with regard to the proper use of a GAL's report. Lowe did not hold, as the dissent suggests, that a GAL's report could never be used to support a trial court's custody decision if the decision was governed by the Perales parental unsuitability test. Lowe held that "the guardian ad litem's testimony as to the pure best interest of the child cannot be used" when a case is governed by the Perales parental unsuitability test. Lowe, supra at *3. Both the trial court's and our references to the GAL's report involve factual observations by the GAL and not testimony concerning the pure best interests of the children. Therefore, there is no conflict between our analysis of the GAL's testimony in Lowe and the citations to the GAL's report in the instant case.
 {¶ 43} Appellant's second argument is that the trial court failed to make a specific finding that he was unsuitable, and that this omission by the trial court is reversible error. Appellant bases this argument onPerales, 52 Ohio St.2d at syllabus, 369 N.E.2d 1047. Once again, assuming arguendo that Perales does apply, that case does not require a trial court to use any particular "magic words" in making a finding of unsuitability. In the instant case, the trial court could hardly have been clearer in conveying the message that Appellant was unsuitable:
 {¶ 44} "The Supreme Court in the Perales decision further defined the concept of parental unsuitability to include, among other things, any finding that an award of custody to the parent would be detrimental to the child. * * * this Court finds that by a preponderance of the evidence that an award of custody to any one(1) or more of these children to [Appellant] Frank Medure would be detrimental to all of them." (1/19/2001 J.E.).
 {¶ 45} Without question, the trial court made the finding required by Perales.
 {¶ 46} Appellant's third argument was that the trial court mistakenly placed the burden of proof on him in the custody hearing. The trial court does mention in passing that, "I think you [Appellant] have the burden of proof in this matter." (Tr., p. 537). The trial court made the comment only by way of explaining why Appellant's attorney was permitted to make the last statement during closing arguments. Generally, the, "party required first to produce evidence has the right to open and close the concluding argument." 90 Ohio Jurisprudence 3d (1989) 28-29, Section 402. For the following reasons, it appears that the trial court was correct in concluding the original burden of proof was on Appellant, entitling him to the last statement at closing argument.
 {¶ 47} This case arose because Appellant filed a motion for a change in custody. The case was transferred to the juvenile court pursuant to R.C. § 3109.06, which requires the juvenile court to dispose of the child custody case, "in accordance with sections 3109.04
and 3109.42 to 3109.48 of the Revised Code." R.C. § 3109.04(E)(1)(a) places the burden on the party moving for a change in custody to prove that there has been a change in circumstances and that the change in custody is in the best interests of the children. Therefore, the trial court was correct that Appellant had the initial burden of proof to produce evidence supporting his motion for a change in custody, entitling him to have the last word at closing argument.
 {¶ 48} Appellant's fourth argument is that custody could not have been granted to Appellee because he never specifically filed a motion requesting custody of the children. While Appellant is correct that the record does not include a specific motion filed by Appellee requesting custody of the children, it is difficult to understand why Appellant is now making this argument. The record indicates that he signed not one, but two, Agreed Judgment Entries establishing Appellee's interest in this case. The first agreed judgment entry brought Appellee into the case as a party defendant. The second certified the matter to the juvenile court as a custody dispute. It is clear that Appellant has waived any error, if indeed there is error, in not only failing to object to the omission of a separate and distinct motion requesting custody, but also in helping to create the problem by signing agreed judgment entries which assumed that Appellee made a request for custody. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." State ex rel. Beaver v.Konteh (1998), 83 Ohio St.3d 519, 521, 700 N.E.2d 1256. It is abundantly clear from the record that this appeal arose from a dispute between Appellant and Appellee over the custody of Appellant's minor children.
 {¶ 49} Since we must reject all of Appellant's arguments, we hereby overrule his sole assignment of error and affirm the judgment of the trial court.
Donofrio, J., concurs.
DeGenaro, J., dissents; see dissenting opinion.